FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 19 2007
TM.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
YICK MAN MUI,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------X

99 CV 3627 (SJ)

**MEMORANDUM AND ORDER**

A P P E A R A N C E S

Yick Man Mui
#31762-037
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887-3000
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201
By:   Susan Corkery, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

      By motion filed February 28, 2005, Yick Man Mui ("Petitioner"), proceeding *pro se*, moves under Rule 60(b) of the Federal Rules of Civil Procedure to vacate this Court's February 7, 2005 Memorandum and Order denying his habeas petition. For the reasons stated below, Petitioner's motion is DENIED.

# BACKGROUND[1]

On October 30, 1996, a jury convicted Petitioner of violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). Prior to sentencing, Petitioner, represented by new counsel, moved unsuccessfully for a new trial on the grounds that prior trial counsel was ineffective and the government's rebuttal summation denied him a fair trial. On April 10, 1997, Petitioner was sentenced to life imprisonment followed by a consecutive five-year sentence on firearms charges.

Petitioner appealed his conviction on the grounds, *inter alia*, that his trial counsel was ineffective for (1) conceding certain facts in his opening statement; (2) failing to present a defense case and advising him not to testify; and (3) not fully cross-examining a cooperating witness regarding certain phone records. The Second Circuit affirmed Petitioner's conviction in a summary order dated May 21, 1998. United States v. Mui, 159 F.3d 1349, 1998 WL 439432 (Table).

Petitioner subsequently filed an application for a writ of habeas corpus under 28 U.S.C. § 2255 (the "§ 2255 Motion") on June 25, 1999, alleging violations of his Fifth and Sixth Amendment rights. Specifically, Petitioner claimed that (1) his trial counsel was ineffective for not consulting Petitioner more fully regarding the case, failing to communicate with Petitioner effectively due to a language barrier, failing to file certain motions, failing to analyze certain crime

---

[1] Familiarity with the facts and procedural history of this case is assumed.

P-048

scene evidence, conceding certain facts in his opening statement, and not objecting to the admission of certain evidence; (2) his appellate counsel was ineffective in handling the ineffective assistance of trial counsel claim and in failing to communicate with Petitioner effectively due to a language barrier; and (3) he is entitled to an evidentiary hearing on the issues raised in the application. Petitioner also requested appointment of counsel to facilitate discovery. The Court denied Petitioner's § 2255 Motion and related requests in a February 7, 2005 Memorandum and Order (the "February 7, 2005 Order").

On February 28, 2005, Petitioner filed a motion, pursuant to Fed. R. Civ. P. Rule 60(b), to reconsider this Court's February 7, 2005 Order (the "Motion to Reconsider"). Petitioner contends that the Court should reopen his § 2255 Motion because (1) Petitioner is entitled to relief under <u>Massaro v. United States</u>, 538 U.S. 500 (2003), and (2) the Court did not address Petitioner's "actual innocence" claim in its February 7, 2005 Order. The government filed its response to the Motion to Reconsider on July 28, 2006. Petitioner filed a reply on August 22, 2006. The Court will now examine the claims presented in the Motion to Reconsider.

3

P-049

## DISCUSSION[3]

### I. Petitioner Is Not Entitled To Relief Under Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides the following six bases for relief following a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Petitioner contends that the Court should reopen the § 2255 Motion in light of an "[i]ntervening change in law" established by Massaro. (Motion to Reconsider at 4.) In Massaro, the Supreme Court held that "to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro, 538 U.S. at 509. Petitioner correctly notes that Massaro abrogated what had been law to the contrary in the Second Circuit. Id. at 503-04. However, Massaro was decided on April 23, 2003,

---

[3]Because Petitioner is proceeding *pro se*, the Court reads his papers "liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994).

4

which was nearly two years *before* the Court's February 7, 2005 Order that is now the subject of Petitioner's Motion to Reconsider. Accordingly, Massaro does not represent an "intervening change in law" that entitles Petitioner to the relief requested. Furthermore, nothing in the Court's Februrary 7, 2005 Order is inconsistent with the Supreme Court's holding in Massaro. Therefore, Massaro does not provide a basis for relief for Petitioner under Rule 60(b).

Petitioner also seeks relief under Rule 60(b) to pursue his claim of "actual innocence." However, the Court fully addressed Petitioner's actual innocence claim in its February 7, 2005 Order, see No. 99 CV 3627, Entry No. 31, at 5-6, and Petitioner provides no basis under Rule 60(b) for this Court to reconsider its previous analysis and rejection of this claim. Thus, Petitioner is not entitled to reconsideration of his actual innocence claim.

## II. Certificate of Appealability

The only remaining issue is whether to grant a certificate of appealability ("COA"). For a COA to issue, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should

5

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. United States, No. 04 CV 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir.2002)) (internal quotation marks and citation omitted). Because Petitioner has made no substantial showing of the denial of a constitutional right in this case, a COA shall not issue.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Reconsider is DENIED. Furthermore, a certificate of appealability shall not issue. The Clerk of the Court is directed to keep the case closed.

SO ORDERED.

Dated: September 17, 2007
Brooklyn, NY

Senior United States District Judge

6