```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
YICK MAN MUI,

                            Petitioner,
                                                                **ORDER**
            - against -
                                                                99-CV-03627 (SJ) (RER)
UNITED STATES OF AMERICA,

                            Respondent.
----------------------------------------------------------X
```

**RAMON E. REYES, JR., Magistrate Judge:**

On May 28, 1999, *pro se* petitioner Yick Man Mui ("Mui") filed a motion under 28 U.S.C. § 2255 to vacate or set aside his sentence, and to grant a new trial. Mui claims, *inter alia*, that he received ineffective assistance of trial counsel in violation of his constitutional rights. On November 16, 2010, this matter was referred to me by the Honorable Sterling Johnson, Jr. to hold an evidentiary hearing, if necessary, and to issue a report and recommendation. (Dkt. No. 49.) I find that an evidentiary hearing is warranted.

## BACKGROUND

The full procedural history underlying Mui's conviction, appeal, and petition is delineated in the Order to Supplement the Record. (Dkt. No. 50.) The only ineffective assistance of counsel claims from the initial petition that remain are that Mui's trial counsel, Jonathan Marks ("Marks"): 1) "failed to raise jurisdictional challenges;" 2) "failed to file motions to preserve or disclose exculpatory evidence;" 3) "made false assertions in his opening statement;" 4) "failed to communicate with [Mui] effectively due to his Cantonese language;" 5) failed to address Mui's "difficulty understanding any of the proceedings due to the trial court interpreter's Mandarin accent;" 6) failed to "examine certain evidence;" and 7) "failed to investigate any defense witnesses." *Mui v. United States*, 614 F.3d 50, 52, 57 (2d Cir. 2010).

Certain allegations could not be decided without either expanding the record or having an evidentiary hearing. In an effort to avoid the expense of a full hearing, I ordered Marks to submit an affidavit addressing Mui's claims. As required by Rule 7 of the Rules Governing Section 2255 Proceedings, Mui was permitted to respond to address the truth of statements in Marks' affidavit.

Marks' affidavit satisfactorily addressed Mui's claims, and I am satisfied that on the basis of the now expanded record I can issue a comprehensive report and recommendation on those claims without a full hearing. However, Mui seized upon a stray comment in Marks' affidavit that cannot be ignored, and which requires an evidentiary hearing.

## DISCUSSION

I.  Mui's Petition is Deemed Amended to Include the Newly Raised Claim

Before addressing the specific allegations pertaining to Mui's remaining ineffective assistance of counsel claim, Marks began: "This is a very troubling case. Mr. Mui was offered a plea that would have exposed him to no more than five years in prison. I urged him to accept the offer, but he rejected my advice and went to trial." (Dkt. No. 51, ¶ 2.) In response, Mui asserted that Marks never informed him of any plea offer. Mui submitted an affirmation declaring that Marks never informed him of any plea offer and that Mui has witnesses from meetings with Marks who do not recall hearing of any plea offer.[1]

Although Mui requested to raise and brief the issue with the Court in his response to Marks' affidavit, I will construe his request as a motion to amend his petition.[2] Thus, the

---

[1] I note that Mui's declaration as to what his friend and sister might say under oath presents mere inadmissible hearsay at this point.

[2] *Pro se* petitioners' submissions should be liberally construed. *See Triestman v. Fed. Bur. of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se*

2

standard governing Mui's request is Federal Rule of Civil Procedure 15(a). *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001). "[L]eave to amend 'shall be freely given when justice so requires,' [but] it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Leave may be denied for good reason, including undue delay, futility, bad faith, or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Mui's claim is timely. A one-year statute of limitations begins to run from the latest of: (1) the date of final judgment, (2) the date on which the impediment to making a motion is removed, (3) the date on which the right asserted was initially recognized by the Supreme Court if such right is to be retroactively applied, or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Here, Mui's claim can only be timely if the earliest date he could have discovered the existence of the plea offer was less than one year from June 14, 2011—the date of the instant request. Accepting Mui's allegations as true, there is nothing that I can find in the existing record to suggest that he could have learned of its existence prior to Marks' affidavit (aside from Marks' own statement to the contrary). Thus, his claim is not time-barred, and I see no other procedural impediments barring this claim.

Moreover, the allegation, if true, would entitle Mui to relief. To prove ineffective assistance of counsel, Mui must show that "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's

---

litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."); *e.g.*, *Bonton v. Ercole*, No. 08-CV-526, 2008 WL 5049955, at *2 (E.D.N.Y. Nov. 25, 2008) (construing a *pro se* letter informing the court of pendent state proceedings as a motion to stay the federal habeas proceedings even when the relief was not specifically requested).

3

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). It is well-settled that "counsel's failure to convey a plea offer falls below an objective standard of reasonableness." *United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010); *see also Pham v. United States*, 317 F.3d 178, 183 (2d Cir. 2003) (Counsel's "failure to *convey* a plea offer is unreasonable performance."). To establish prejudice, the petitioner may not rely solely on his own sworn pronouncements that he would have accepted the offer, but must also provide "'some objective evidence', such as 'a significant sentencing disparity'" that the outcome would have been different. *Brown*, 623 F.3d at 112. Here, Marks' affidavit indicates that there was a significant sentencing disparity (5 years versus a life sentence); and along with Mui's statement if credible, the prejudice prong of *Strickland* may be satisfied.[3] Therefore, Mui's amendment would not be futile. Additionally, I see no basis to find that the motion to amend is otherwise prejudicial, made in bad faith, or with undue delay. Accordingly, Mui's petition is deemed amended to include his claim that Marks failed to inform him of a plea offer.[4]

II. <u>An Evidentiary Hearing is Warranted</u>

Section 2255 requires a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The judge must review the full trial record and any materials submitted under Rule 7 to determine

---

[3] Mui requests additional briefing as to this claim, but further briefing of Mui's legal argument is not necessary. The legal contours of an ineffective assistance claim arising from the failure to inform a defendant of a plea offer are well-defined. This claim can be settled once the facts surrounding the plea offer and Mui's knowledge of said offer are parsed.

[4] Since I make this determination without full briefing from the government, the government's right to raise arguments or facts that I have overlooked in making the determination that Mui's petition be deemed amended are preserved. The government is permitted to file and serve a response by July 19, 2011; Mui to reply by July 26, 2011.

whether a hearing is warranted. R. GOVERNING SECTION 2255 PROCEEDINGS 8(a). Second Circuit "precedent disapproves of summary dismissal of petitions where factual issues exist[], but permits a 'middle road' of deciding disputed facts on the basis of written submissions." *Pham*, 317 F.3d at 184 (quoting *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001)).

In *Chang*, the Second Circuit affirmed the district court's decision not to hold a full evidentiary hearing after finding that testimony of the petitioner and trial counsel "would add little or nothing to the written submissions." 250 F.3d at 86. Before that district court were competing affidavits of trial counsel and the petitioner. The Second Circuit noted that even though the district court did not have the benefit of demeanor evidence or cross-examination, the court was in a position to determine the facts from the affidavits alone since counsel's affidavit gave an "eminently credible" detailed account of the relevant extra-record facts, the petitioner made only a generic claim which is often made in similar cases, and the judge, having presided over trial, was fully familiar with the facts and circumstances of the proceedings below. *Id.*

By contrast, in *Pham* the petitioner alleged that his counsel was ineffective for failing to communicate a plea offer. 317 F.3d at 182. No evidentiary hearing was held, nor was the record sufficiently developed to resolve all factual issues in the case. *Id.* at 182, 184. The Second Circuit remanded, noting disapproval of the district court's decision to "merely credit[] the affirmation of [the petitioner's] trial counsel over [the petitioner's] affirmation." *Id.* at 184.

Unlike the district judge in *Chang*, I am not in a position to weigh the credibility of Marks or Mui on the basis of their conflicting statements alone. Marks' affidavit is nearly as conclusory as Mui's affirmation regarding the existence and communication of a plea offer. Moreover, not only would I lack the benefit of demeanor evidence and cross-examination in

5

resolving the conflicting statements, but also the issue here is one that by its very nature takes place off-the-record and without the involvement of the court leaving even the presiding judge with little advantage to resolve the dispute. Since there is no information in the record other than the conflicting statements, deciding the issue without a hearing would amount to merely crediting trial counsel's affidavit over Mui's affirmation, a practice disapproved of in *Pham*. Accordingly, an evidentiary hearing is necessary to address whether Marks informed Mui of the plea offer.

## CONCLUSION

For the foregoing reasons, I find that an evidentiary hearing is necessary to address Mui's claim that Marks failed to advise him of any plea offer. Since Mui is proceeding *pro se* and *in forma pauperis*, counsel will be appointed to represent him at the evidentiary hearing.[5] The evidentiary hearing is tentatively set for August 25, 2011 at 2:00pm.

**SO ORDERED.**

Dated: Brooklyn, New York
July 6, 2011

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.
United States Magistrate Judge**

---

[5] Although Mui has not made a specific request for counsel at this juncture, the record is replete with his financial inability to pay for counsel and justice requires the appointment of counsel to ensure proper evidentiary development. *See* R. GOVERNING SECTION 2255 PROCEEDINGS 8(c); *Graham v. Portuondo*, 506 F.3d 105, 108 (2d Cir. 2007) (finding identical Rule 8(c) of the Rules Governing Section 2254 Cases to require appointment of counsel for evidentiary hearings even where the petitioner did not make a specific request for counsel at the hearing).